UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IZABELA TYMPEL,

    Plaintiff,

v.                                               Civil Action No. 2:19cv64

PREMIER PARKS, LLC,
d/b/a Ocean Breeze Waterpark,
its employees, agents and assigns,

    Defendant.

### REPORT AND RECOMMENDATION

This personal injury claim is before the court on Defendant Premier Parks, LLC's ("Premier Parks") Motion for Summary Judgment. (ECF No. 13.) Plaintiff Izabela Tympel ("Tympel") alleges that she was injured due to Premier Parks' negligence in maintaining and operating a waterslide at Ocean Breeze Waterpark in Virginia Beach. Premier Parks argues that it does not own or operate Ocean Breeze and thus owed no duty to Tympel. Alternatively, the company contends Tympel has produced no evidence that an unsafe condition existed, and even if such a condition existed, Premier Parks lacked notice, constructive or actual, of the allegedly hazardous condition prior to Tympel's injury. Tympel filed a response, conceding that she does not have any evidence to oppose Premier Parks' Motion for Summary Judgment. (ECF No. 21.) For the reasons outlined below, this report RECOMMENDS the court GRANT the Motion for Summary Judgment and

1

DISMISS the case with prejudice.[1]

## I. SUMMARY OF UNDISPUTED FACTS

According to Tympel's testimony, she and her husband visited the Ocean Breeze Waterpark on August 6, 2016. I. Tympel Dep. 53 (ECF No. 14-1). She stated that they planned to ride the Trident Waterslide in a double raft. Id. at 67. Although the first raft she selected "didn't have enough air," she eventually settled on another raft because "they're all the same." Id. While on the ride, Tympel alleged that she hit her head, but she could not recall how the accident happened. Id. at 78. Her husband, who was also deposed, stated that the tube raft they were riding on folded over from front to back during the ride, and that he heard his wife hit her head on the side of the waterslide. R. Tympel Dep. 28-29 (ECF No. 14-2). Tympel had no visible injury but was dizzy. Paramedics transported her to the hospital where she underwent testing and was released later that day. Id. at 32-33.

Tympel did not identify any expert, nor was she able to state whether any Ocean Breeze employee knew about the allegedly underinflated condition she believes caused her injury. I. Tympel Dep. 93. She stated that she did not know what the standard inflation pressure for a raft should be, what the actual inflation pressure of her raft was, nor any standard for the inflation of

---

[1] The motion was referred to the undersigned for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. (ECF No. 20.)

rafts used on waterslides of the type she and her husband rode. Id. at 70. She did testify that she saw another person "pressing on" various rafts before selecting one. Pl.'s Answer to Interrog. No. 4 (ECF No. 14-3). And both she and her husband testified that they rode the slide after testing several rafts because they thought the inflation condition they observed was normal. I. Tympel Dep. 69; R. Tympel Dep. 19.

After receiving Tympel's initial suit in state court, Premier Parks filed a Plea in Bar asserting the case could not proceed against it because it was neither the owner nor operator of Ocean Breeze Waterpark. Plea in Bar ¶ 5 (ECF No. 1-4); Decl. of J. Hooker ¶¶ 1-2 (ECF No. 1-4). The same pleadings asserted that Premier Parks did not do business as Ocean Breeze Waterpark. Id. Tympel did not move for leave to amend her Complaint or identify any other ownership entity, nor has she disputed the facts alleged in the Plea in Bar and reasserted by Premier Parks in its Motion for Summary Judgment. In fact, responding to the Motion, Tympel "concedes that Premier Parks did not own, operate, or manage Ocean Breeze Waterpark at the time of the accident which is the subject of this case." Pl.'s Resp. to Mot. for Summ. J. 1 (ECF No. 21); see also Final Pretrial Order, Stipulation of Undisputed Facts, Section 1(C) and (E) (ECF No. 17) ("Premier Parks did not own, operate or maintain the Ocean Breeze Waterpark . . . nor did it employ any of the persons working at the Park.").

## II. ANALYSIS

### A. The Summary Judgment Standard

Federal Rule of Civil Procedure 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The party seeking summary judgment has the initial burden of informing the court of the basis of its motion and identifying materials in the record it believes demonstrates the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The "mere existence of a scintilla of evidence in support of the [nonmovant's] position

4

will be insufficient." Anderson, 477 U.S. at 252. Rather, when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal quotation marks omitted).

B. **Tympel has failed to produce any evidence that Premier Parks, LLC owed her a duty, and even assuming an unsafe condition existed, she has failed to produce any evidence showing that Premier Parks had notice of the alleged defect.**

Tympel alleges several theories, all charging Premier Parks with negligence in the operation and maintenance of the Ocean Breeze Waterpark ride where her injury occurred. Although the allegations of negligence against any party are thin, Premier Parks' motion can be resolved on the basis that it owed no duty to Tympel because it did not own or operate the Ocean Breeze Waterpark at the time of her injury.

Under Virginia law, at trial, Tympel would have the burden to prove that Premier Parks owed her a duty, breached that duty, and by such breach, proximately caused her injury.[2] Atrium Unit Owners Ass'n v. King, 585 S.E.2d 545, 548 (Va. 2003); Colonial Stores Inc. v. Pulley, 125 S.E.2d 188, 190 (Va. 1962). Assuming the Plaintiff is able to establish that an unsafe condition existed, if there is no evidence of actual knowledge of the unsafe condition

---

[2] When federal courts sit in diversity, state law provides the rules of decision. B.P. Prods. N. Am., Inc. v. Stanley, 669 F.3d 184, 188 (4th Cir. 2012).

5

by the defendant, constructive knowledge "may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Grim v. Rahe, Inc., 434 S.E.2d 888, 890 (Va. 1993) (citing Colonial Stores Inc., 125 S.E.2d at 190). The constructive notice inquiry in Virginia "focuses on whether knowledge of a specific unsafe condition may be imputed" to an owner. Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 454 (4th Cir. 2004) (citing Grim, 434 S.E.2d at 890); see also Cerquera v. Supervalue, Inc., 715 F. Supp. 2d 682, 686 (E.D. Va. 2010) ("Under Virginia law, the owner of premises is not an insurer of his invitee's safety.").

Here, Tympel's claims fail because - as stipulated by the parties - Premier Parks does not own or operate the Ocean Breeze Waterpark and thus owed no duty of any kind with respect to Tympel's injury. Despite notice of the incorrect party name since at least February 2019, Tympel took no action to try and amend the pleadings or to identify the correct entity. She has not attempted to argue misnomer or seek relation-back to any related entity. See Ricketts v. Strange, 796 S.E.2d 182, 187 (Va. 2017) (misnomer arises when the right defendant is incorrectly named, not when the wrong person is named). Because Premier Parks did not own or operate the Ocean Breeze Waterpark or employ any of the ride attendants or staff attending to Tympel, it owed her no duty to guard against her injury and cannot be held liable in negligence.

6

Walker v. McDonalds Corp., 18 Va. Cir. 22, 2988 WL 619191 (Fairfax Cir. Ct. Apr. 15, 1988) (sustaining plea in bar when plaintiff incorrectly named parent company that "was not the owner or operator of the restaurant in question").

Moreover, Tympel's evidence of notice of any unsafe condition as to any party is scarce. She has not engaged any expert to testify as to the proper inflation of waterslide rafts. Although she believes the raft was underinflated, she also stated that several rafts felt the same, and she eventually concluded this was normal. She had no evidence of what the inflation pressure was or should have been. She did not speak to any employees or attendants about her concern either before or after her injury. More importantly - even if Tympel had evidence that the raft was unreasonably dangerous, and that a park employee knew or should have known of its condition, it would be insufficient to survive Premier Park's Motion because she has stipulated that the company did not operate Ocean Breeze Waterpark.

Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322-23 (citing Fed. R. Civ. P. 56(c)). At trial, Tympel would have the burden to prove the existence a duty owed to her by Premier Parks and knowledge by Premier of an unsafe condition.

7

However, Tympel has failed to produce any evidence from which a reasonable juror could conclude that Premier Parks owed her any duty or had notice of any allegedly unsafe condition. Without such evidence, no rational trier of fact can infer, based on the materials in the record, that Premier Parks could be liable in negligence under Virginia law. Based on a review of the materials in the record, viewed in the light most favorable to Tympel, the undersigned concludes that there is no genuine dispute as to any material fact and Premier Parks is entitled to judgment as a matter of law.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the court GRANT Premier Parks' Motion for Summary Judgment, (ECF No. 13), and DISMISS the Complaint with prejudice.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of service of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail.

A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

November 25, 2019